### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

ARLENE P.,
     Plaintiff,

     v.

ANDREW M. SAUL,
     Defendant.

No. 3:21-cv-895 (SRU)

### ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES IN ACCORDANCE WITH THE STIPULATION OF THE PARTIES

Plaintiff Arlene P. ("Plaintiff") seeks an award of fees pursuant to the Equal Access to Justice Act ("EAJA"). The stipulated-to fee award is **granted**.

## I.      Background

Plaintiff applied for Social Security Disability Insurance Benefits on September 18, 2018, alleging disability beginning July 1, 2018. *See* Certified Transcript of the Administrative Record, Doc. No. 13, compiled on September 11, 2021, (hereinafter "Tr.") at 197-204. Plaintiff's application was initially denied on May 29, 2019, Tr. 123-33, and denied upon reconsideration on December 11, 2019, Tr. 134-42.

On July 21, 2020, Plaintiff appeared and testified at a hearing before Administrative Law Judge ("ALJ") John Aletta. *See generally* Tr. 44-79. On September 2, 2020, the ALJ issued an unfavorable decision. Tr. 25-37. On May 3, 2021, the Appeals Council denied Plaintiff's request for review of the ALJ's decision, thereby making the ALJ's decision the final decision of the Commissioner. Tr. 5-8. On June 30, 2021, Plaintiff, represented by Attorney Olia Yelner, timely appealed that decision to this Court and filed a motion for leave to proceed *in forma pauperis*. *See* Doc. No. 1; Doc. No. 2. On July 1, 2021, this Court granted Plaintiff's motion for leave to proceed *in forma pauperis*. Doc. No. 6.

On September 23, 2021, the Commissioner filed the official transcript. Doc. No. 13. On December 6, 2021, Plaintiff filed a Motion to Reverse the Decision of the Commissioner. Doc. No. 17. On October 5, 2022, this Court granted Plaintiff's Motion to Reverse the Decision of the Commissioner and denied the government's Motion to Affirm the Decision of the Commissioner. Doc. No. 24; *see* Doc. No. 21; Doc. No. 17. On October 5, 2022, judgment entered in favor of Plaintiff. Doc. No. 25.

On December 27, 2022, Plaintiff filed a Motion for Attorney's Fees supported by Plaintiff's counsel's fee itemization. Doc. No. 26; Doc. No. 26-1. Thereafter, on January 11, 2023, the Commissioner filed a Stipulation for Allowance of Fees Under the EAJA (the "Stipulation"). Doc. No. 28. In the Stipulation, the parties "agree and stipulate that Plaintiff shall be awarded attorney[s'] fees in the amount of $7,400.00 . . . under the [EAJA], 28 U.S.C. § 2412, in full and final satisfaction (upon payment) of any and all claims under EAJA." *Id*. at 1.

## II.      Standard of Review

Although the parties have reached an agreement regarding the appropriate award of fees in this matter, I must review the record and determine whether the proposed award is reasonable. *See Shelley M. B. v. Comm'r of Soc. Sec. Admin.*, 2022 WL 1605496 (D. Conn. May 20, 2022) (collecting cases). The plaintiff bears the burden of establishing entitlement to a fee award, and I have discretion to determine what fee is "reasonable." *Id.* at *2 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433, 437 (1983)).

## III.      Discussion

Plaintiff's attorney claims fees for a total of 35.3 hours of attorney work. Doc. No. 26-1 at 1. Plaintiff's attorney claims a rate of $217.72 per hour for work during 2021, and $226.67 per hour for work during 2022. *Id*. In total, Plaintiff's attorney claims fees of $7,706.10. *See id*. The

2

parties have reached an agreement under which the defendant would pay a reduced amount of $7,400.00. Doc. No. 28. I approve.

First, a fee award is appropriate. A party who prevails in a civil action against the United States may seek an award of fees and costs under the EAJA. *See* 28 U.S.C. § 2412. To enter an award of attorneys' fees under that statute, I must find (1) that the plaintiff is a prevailing party, (2) that the Commissioner's position was without substantial justification, (3) that no special circumstances exist that would make an award unjust, and (4) that the fee petition was filed within thirty days of final judgment. *See id.* § 2412(d)(1)(B).

Here, I conclude that Plaintiff has satisfied the requirements of 28 U.S.C. § 2412(d)(1)(B), and that an award of fees may enter. First, I find that Plaintiff is a prevailing party because I have granted Plaintiff's Motion to Reverse the Decision of the Commissioner and remanded the case to the Commissioner. Doc. No. 24. *See generally Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993). Second, I have concluded that the Commissioner's position was without substantial justification, and it was on that basis that I denied the defendant's Motion to Affirm the Decision of the Commissioner. Doc. No. 24. Third, I determine that no special circumstances would make an award unjust. Finally, Plaintiff's fee petition was timely filed.[1]

Second, the fees sought are reasonable. I must review counsel's time sheets to determine the reasonableness of the hours requested and to exclude time entries that are "excessive, redundant, or otherwise unnecessary." *Shelley M.B.*, 2022 WL 1605496, at *2 (quoting *Hensley*, 461 U.S. at 434). To do so, I assess "the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the

---

[1] Entry of judgment starts the sixty-day period in which either party may appeal the case. *Coleman*, 2022 WL 669881 at *2. After the sixty-day appeal period expires, the plaintiff's thirty-day period to file an application for EAJA fees begins. *Id.* In this case, judgment entered on October 5, 2022; the sixty-day appeal period expired on December 5, 2022; and the plaintiff had until January 4, 2023, to move for EAJA fees. Plaintiff's fee petition was filed on December 27, 2022. Doc. No. 26.

claimant during the administrative proceedings." *Rodriguez v. Astrue*, 2009 WL 6319262, at *3 (D. Conn. Sept. 3, 2009) (cleaned up).

Here, Plaintiff's counsel seeks payment for 35.3 hours of attorney work. Doc. No. 26-1. As a threshold matter, the hours expended appear reasonable. *See Poulin v. Astrue*, 2012 WL 264579, at *3 (D. Conn. Jan. 27, 2012) (providing that "routine Social Security cases require, on average, between twenty and forty hours of attorney time to prosecute" and collecting cases). Each claimed fee also appears reasonable. Counsel seeks fees for, *inter alia*, reviewing the administrative record; preparing a motion to reverse and memorandum of law; and compiling the medical history and statement of material facts. *See* Doc. No. 26-1 at 1. Further, I consider that the parties' fee stipulation "adds weight to the claim that the fee award claimed is reasonable." *Shelley M.B.*, 2022 WL 1605496, at *3.

Taken together, I conclude that an award of $7,400.00 in fees is appropriate.

## IV.     Conclusion

I **approve** the parties' Stipulation, doc. no. 28, and **grant** Plaintiff's Motion for Attorney's Fees, doc. no. 26, in part, for the stipulated amount of $7,400.00.

So ordered.

Dated at Bridgeport, Connecticut, this 25th day of April 2023.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge